**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | |
|---|---|
| Case No.   **CV 16-9161-JFW (PLAx)** | Date:  January 11, 2017 |
| Title:   Alexander A. Millanian -v- BMW of North America, LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                                 None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 28, 2016, Plaintiff Alexander A. Millanian ("Plaintiff") filed a Complaint against Defendant BMW of North America, LLC ("Defendant") in Los Angeles Superior Court.  On December 12, 2016, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Although Defendant alleged in the Notice of Removal that it is a limited liability company, Defendant failed to allege the citizenship of any of its members.

Accordingly, Defendant is hereby ordered to show cause, in writing, no later than **January 13, 2017**, why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   Failure to respond to the Order to Show Cause will result in the remand of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.